U. S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

APR 29 2019

CHRISTA K. BERRY, CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO: 2:18-cv-00466-LEW

FEDERAL NATIONAL MORTGAGE
ASSOCIATION

PLAINTIFF

v.

WOODY S. KISLOWSKI, ROWENA B.
KISLOWSKI and STATE OF MAINE-MAINE
REVENUE SERVICES

DEFENDANTS

## JUDGMENT OF FORECLOSURE AND SALE; TITLE OF REAL ESTATE IS INVOLVED

### 1 Old Quarry Road, Cape Neddick, State of Maine
### York County Registry of Deeds in Book 16917, Page 573

After trial, the Court finds as follows:

1. That the parties have received notice of the proceedings in this action, and that the notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

3. That Plaintiff is entitled to judgment as a matter of law.

4. That Defendants are in breach of the terms of a certain promissory note held by the Plaintiff dated October 20, 2014, (the "Note"), with such breach constituting a default by the Defendant(s), and upon such default, proper notice of default was sent to the Defendant(s).

5. That the default of the Note caused a breach of the Mortgage.

1

6.      That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the York County Registry of Deeds in Book 16917, Page 573 ("Mortgage"). The Mortgage encumbers real estate located at 1 Old Quarry Road, Cape Neddick, York County, State of Maine ("Property"). The legal description of the Property contained in the Mortgage is incorporated herein by reference and attached hereto as Exhibit A.

7.      That as of April 29, 2019, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $176,928.96 |
| b. Accrued Interest | $15,755.84 |
| (plus interest at a per diem of $23.63) | |
| c. Pre-acceleration Late Charges | $391.44 |
| d. Escrow Advances | $4,533.55 |
| e. Pro Rata MIP/PMI | $61.64 |
| f. Suspense Balance | ($121.56) |
| g. Attorney's Fees | $6,368.75 |
| h. Attorney's Costs | $779.67 |
| **Total:** | **$204,698.29** |

Plaintiff is entitled to add post-judgment attorney's fees and costs incurred in connection with the foreclosure, and additional amounts advanced or expended by Plaintiff pursuant to the Note and Mortgage.

8.      That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff in the amount of $204,698.29, plus accrued interest at the rate of 4.875% per annum, $23.63 per day to the date of entry of judgment, plus interest after judgment at a rate of 8.59% per annum pursuant to 14 M.R.S.A. § 1602-C. Further, Plaintiff is entitled to the additional amounts incurred by Plaintiff as described in Paragraph 7 above, including but not limited to attorney's fees and costs, insurance premiums, and real estate taxes;

   b. State of Maine-Maine Revenue Services in the amount of any timely-filed affidavit of debt;

   c. Clerk of the Court: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

9.      That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

2

Federal National Mortgage Association
c/o Bendett & McHugh, P.C.
30 Danforth Street, Suite 104
Portland, ME 04101

Woody S. Kislowski
Rowena B. Kislowski
1085 Rock Ledge Lane
Neenah, WI 54956

State of Maine-Maine Revenue Services
c/o Jerome Gerard, Esq.
24 State House Station
Augusta, ME 04333-0024

10. That the Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of M.R.Civ.P. 54(b)(2); and

11. That Defendants have neither requested mediation, nor do the Federal Rules of Civil Procedure require mediation, and therefore M.R.S.A. § 6321-A and M.R.Civ.P. 93 do not apply and mediation is considered waived;

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of Plaintiff's Affidavit, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendantsfiling a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That if Defendant(s), his/her/their heirs and assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 8(a) above within ninety (90)

3

days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F.R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That if Defendants fail(s) to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff may in its sole discretion allow, or if Defendants abandon(s) the Property, Plaintiff shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and Clerk shall issue a Writ of Possession at the request of Plaintiff;

D. That Plaintiff is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. That an execution shall issue against Defendants for any deficiency, provided the requirements are met, but that no deficiency shall issue against any Defendant who has received a discharge in bankruptcy for this debt, nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay;

F. That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding any requirement under the Maine Rules of Civil Procedure limiting said time to file; Defendants may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

G. That once the applicable appeal period has expired, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the York County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated April 29, 2019 for the Plaintiff as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff related to its mortgage security, and said Order is

4

incorporated in the docket by reference. This entry is made in accordance with F.R.Civ.P. 79(a) at the specific direction of the Court."

Dated: 4/29/19        _____
                                                     Judge

Date entered in the docket: 4/29/19

### CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: _____        _____
                                                      Clerk of Court